J-A09015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARIAN BALCOM | : | No. 534 WDA 2023 |

Appeal from the Judgment of Sentence Entered April 24, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-SA-0001025-2022

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:　　　　　**FILED:  September 25, 2024**

Appellant, Darian Balcom, appeals from the April 24, 2023 judgment of sentence entered in the Court of Common Pleas of Allegheny County following her conviction for Harassment.[1]  Appellant challenges, *inter alia*, the trial court's refusal to permit her to cross-examine the victim.  After careful review, we vacate Appellant's judgment of sentence and remand for a new trial.

**A.**

A detailed factual and procedural history is unnecessary for our disposition.  Briefly, Sean O'Donnell ("Victim") lives with his husband Todd Collier, their sons, and their daughter, K.H., who is transgender.  Appellant is Victim's neighbor, and she and Victim's family have had an acrimonious

---

[1] 18 Pa.C.S. § 2709(a)(3).

relationship for several years. Appellant's backyard abuts Victim's backyard, with a fence along the shared property line.

On May 8, 2022, Mr. Collier was parking his car on the street near their home after picking up their sons when Appellant, who was in her car, displayed a sign in the rear window of her car that said, "only women can be mothers." N.T. Trial, 4/21/23, at 36; Ex. 3. The next evening, Victim and his family returned home to find that Appellant had placed a large sign on the fence facing their back yard, and K.H.'s bedroom window, that said "'transing' kids is abuse and homophobia[.]" N.T. Trial at 24. The sign was only visible from Victim's house or yard and to anyone walking their dogs in the adjacent alley if they "crane[d] their necks." *Id.* at 27.

Victim filed a private criminal complaint against Appellant, in which he referenced the backyard sign and stated that Appellant had been "harassing [his family] for 2 years." Private Criminal Complaint Questionnaire, 5/13/22, at 1 (unpaginated). Accordingly, the Commonwealth charged Appellant with Harassment, a summary offense.

The Magisterial District Court convicted Appellant and sentenced her to pay a fine of $200. Appellant appealed and proceeded *pro se* to a *de novo* bench trial in the Court of Common Pleas on April 21, 2023.

Early in the trial, Appellant asked the court if she could object. The court responded "[n]o, you're not an attorney[,]" then reiterated, "[y]ou're not an attorney. You don't get to object[,]" but assured Appellant that the

- 2 -

court would "give [her] the opportunity to present [her] side." N.T. Trial at 7-8.

Victim then testified in accordance with the above facts, and also explained Appellant's history of making social media posts directed at his family. K.H.'s therapist, Susan Cherian, then testified about the effect that the sign had on K.H.

Appellant chose not to cross-examine Ms. Cherian but told the court that she had a "long list" of questions for Victim, including questions about his role in their conflict, and claimed that Victim had harassed her for years. *Id.* at 52-53, 59. The court instructed Appellant to "[f]orget the cross-examination, tell me your side of the story." *Id.* at 53. During her testimony, Appellant admitted to posting the yard sign. *Id.* at 54.

The same day, the court convicted Appellant and sentenced her to pay a fine of $200 and court costs.

**B.**

Appellant, through counsel, timely appealed. Following remand for completion of the record, both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant raises the following issues for our review:

> I. Did the lower court error [*sic*] when, from the bench, it gave Appellant the blanket limitation, "Forget the cross-examination, tell me your side of the story," and denied Appellant her fundamental right to cross examine the Commonwealth's only fact witness?
>
> II. Was Appellant's act of posting a sign in her back yard that read, "transing [*sic*] kids is abuse and homophobia," which faced her neighbor's back yard, and posting a sign in the rear windshield of

- 3 -

her automobile which read, "only women can be mothers," insufficient to support a conviction for harassment under 18 Pa.C.S.[] §2709(a)(3)?

III. Was the speech contained in the signs posted by Appellant constitutionally protected speech within the meaning of the First Amendment to the United States Constitution, and Article I §7 of the Pennsylvania Constitution, and therefore, insufficient to form the basis for a criminal prosecution?

Appellant's Br. at 7-8 (capitalization altered; reordered for ease of disposition).

**C.**

Appellant maintains that the trial court erred in prohibiting her from cross-examining Victim, in violation of the Sixth Amendment's Confrontation Clause. *Id.* at 31.

"[T]he Sixth Amendment guarantees criminal defendants the right to confront and cross-examine adverse witnesses" to ensure a fair trial. **Commonwealth v. Laird**, 988 A.2d 618, 630 (Pa. 2010). "Although the right of cross-examination is a fundamental right, it is not absolute." **Commonwealth v. Rosser**, 135 A.3d 1077, 1088 (Pa. Super. 2016) (*en banc*). Rather, it is within the trial court's "discretion to determine the scope and limits of cross-examination[.]" **Commonwealth v. Rivera**, 983 A.2d 1211, 1230 (Pa. 2009) (citation and internal quotation marks omitted). The court may place "reasonable limits" on cross-examination based on, *inter alia*, "harassment, prejudice, confusion of the issues. . .or interrogation that is repetitive or only marginally relevant." **Rosser**, 135 A.3d at 1088.

We may not reverse the court's decision to limit cross-examination "absent a clear abuse of discretion or an error of law." **Rivera**, 983 A.2d at 1230 (citation omitted). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Commonwealth v. Radecki**, 180 A.3d 441, 451 (Pa. Super. 2018) (citation omitted).

In determining whether the court properly limited cross-examination, we first consider "whether the limitation prejudiced the examination of that particular witness[,]" and second, "if there was error, we must determine whether it was harmless beyond a reasonable doubt; if so, reversal is not warranted." **Rosser**, 135 A.3d at 1088. "When there is a reasonable possibility that an error might have contributed to the conviction, the error is not harmless." **Commonwealth v. Mullins**, 665 A.2d 1275, 1279 (Pa. Super. 1995). A harmless error analysis includes a determination of whether the error resulted in the litigant suffering prejudice. **Commonwealth v. Vance**, 316 A.3d 183, 192 (Pa. Super. 2024). Specifically, we consider "the importance of the witness' testimony. . ., whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case." **Mullins**, 665 A.2d at 1279 (citing **Delaware v.**

*VanArsdall*, 475 U.S. 673, 681 (1986)). If the court's error was not harmless, then the appellant is entitled to a new trial. *Id.* at 1280 (awarding new trial where erroneous limitation of cross examination prejudiced appellant).

\*

Appellant argues that the trial court erred when it gave her a "blanket limitation" prohibiting her from cross-examining Victim, in violation of the Sixth Amendment's Confrontation Clause.[2] Appellant's Br. at 31-36. She requests that this Court remand for a new trial where she "is afforded a full and fair opportunity to confront" the Commonwealth's witnesses. *Id.* at 36.

We agree. It is well-settled that a defendant has the right to confront witnesses through cross-examination, subject to reasonable limitations. The court erred when it prevented Appellant from cross-examining Victim, the Commonwealth's primary witness. If the trial court were concerned that Appellant's cross examination would become repetitive or focus on irrelevant topics, the trial court could impose reasonable limitations. Precluding Appellant, however, from engaging in any cross-examination of the Victim undisputedly violates Appellant's constitutional right to confront witnesses.

---

[2] Appellant did not object when the trial court prohibited her from cross-examining Victim. N.T. Trial at 53. Generally, issues that are not raised in the lower court "are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). However, we note that, earlier in the trial, the court informed Appellant that she was not permitted to object because she "[is] not an attorney. You don't get to object." N.T. Trial at 7-8. We are troubled that the trial court would make such an erroneous statement, and, accordingly, we decline to find waiver.

- 6 -

Thus, we conclude that the court abused its discretion when it prevented Appellant from cross-examining Victim, and we are constrained to reverse the conviction.[3]

Furthermore, this error was not harmless because the Commonwealth's case rested on Victim's testimony, as he was the only fact witness, and the trial court's limitation prevented Appellant from challenging the veracity of his testimony. Accordingly, we are constrained to vacate Appellant's judgment of sentence and remand for a new trial. In light of our disposition, we need not address Appellant's remaining claims.

Judgment of sentence vacated. Case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/25/2024

---

[3] We emphasize that this decision does not reflect our views on whether the evidence was sufficient to convict Appellant of the crime of Harassment or that we condone Appellant's conduct. Rather, we are merely holding that the trial court erred in depriving Appellant of her constitutional right to cross-examine the Victim and, thus, must permit her to do so at a new trial.